**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3923
_____

LI MIN,
a/k/a MIN LI;
ERIE EXPRESS

v.

CLARENCE MORRIS;
PHILADELPHIA DEPARTMENT OF PUBLIC HEALTH;
CITY OF PHILADELPHIA

Li Min, a/k/a Min Li,
                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 09-cv-00832)
Magistrate Judge:  Honorable Luis Felipe Restrepo
_____

Submitted Under Third Circuit LAR 34.1(a)
September 16, 2011
_____

Before: RENDELL, JORDAN and BARRY, Circuit Judges

(Opinion Filed:  September 21, 2011)
_____

OPINION
_____

BARRY, Circuit Judge

After a Philadelphia health inspector stole $1200 from her family's restaurant and assaulted her when she confronted him, Li Min brought suit against the City pursuant to 42 U.S.C. § 1983. In this appeal, she challenges the District Court's order granting summary judgment against her on the ground that she could not establish municipal liability pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). We will affirm.

## I. Background

On July 18, 2007, Min was working in her family's restaurant, Erie Express, when Clarence Morris, a municipal health inspector, arrived to inspect the restaurant. During the inspection, Morris stole $1200 and physically assaulted Min when she confronted him. Morris was immediately arrested, and was terminated from his employment the following day. He was later convicted of a variety of criminal offenses.

A subsequent investigation revealed that when Morris was hired in 2007, he had a criminal record: he had been convicted of receiving stolen property in 1995, of criminal attempt/forgery in 1998, and of a narcotics offense in 1999. It also revealed that two custodians had been hired with criminal records, notwithstanding internal policies rendering individuals with criminal records ineligible for employment with the Department of Health absent special dispensation. Neither of these individuals, however, was employed as a health inspector.

On February 26, 2009, Min and Erie Express filed suit against Morris, the

2

Department of Health, and the City of Philadelphia. Although Plaintiffs also brought other claims, the only claims that they contest on appeal are Min's claims against the City pursuant to § 1983. Those claims included (1) improper hiring of health inspectors; (2) failing to supervise the human resources employees responsible for screening employees with criminal records; and (3) failing to train or discipline the human resources employees. (Min Br. 4-5.)

The District Court granted Defendants' summary judgment motion on August 27, 2010, and Min filed a timely notice of appeal.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo, applying "the same standard as the District Court in determining whether summary judgment was appropriate." *United States ex rel. Kosenske v. Carlisle HMA, Inc.*, 554 F.3d 88, 94 (3d Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III. Discussion

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (quoting *Monell*, 436 U.S. at 691); *accord Bd. of*

3

*Cnty. Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) ("A plaintiff . . . must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."). Analyzing each of Min's theories of relief, the District Court concluded that Min had not established a causal link between the alleged municipal policies and Morris's conduct. We agree.

The exact language used to articulate the causation requirement differs for each theory of relief. To show that her injury was caused by a City policy of improper hiring, Min was required to demonstrate that "scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right." *Id.* at 411. To show that her injury was caused by a City policy of failing to supervise the human resources employees, Min was required to demonstrate that the existing supervision regime "created an unreasonable risk" of unconstitutional conduct. *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001). Finally, to show that her injury was caused by a City policy of failing to train the human resources employees, Min was required to demonstrate that the City had shown "deliberate indifference . . . [such as] proof that a municipal actor disregarded a known or obvious consequence" of its actions. *Connick*, 131 S. Ct. at 1359-60.

In light of this case law, Min needed to produce evidence either (1) that unconstitutional conduct is a "plainly obvious consequence" of hiring individuals with

4

criminal records, (2) that hiring individuals with criminal records creates an "unreasonable risk" of unconstitutional conduct, or (3) that unconstitutional conduct is a "known or obvious consequence" of hiring individuals with criminal records. As the District Court correctly concluded, Min failed to proffer such evidence, and she now asks us to simply assume that hiring individuals with criminal records — no matter the age or nature of the conviction — creates an unacceptable risk of unlawful conduct. (*See* Min Br. 24 (declaring that it "seems unnecessary" to proffer evidence in support of this proposition).)

Because the Federal Rules required that Min proffer evidence in response to a summary judgment motion, *see* Fed. R. Civ. P. 56(c), such speculation is insufficient. Notably, Min failed to point to evidence of any other employee of the Department of Health with a criminal record who committed unlawful conduct in the course of his or her employment. By asking the District Court – and us – to simply assume that hiring individuals with criminal records creates an unacceptable risk of unlawful conduct, Min is, in effect, seeking to impose strict liability upon municipalities who hire such employees. Min points to no precedent that would support such a marked expansion of municipal liability, and the Supreme Court has warned countless times that municipalities are not strictly liable for the torts of their employees under the doctrine of respondeat superior. *See, e.g.*, *Connick*, 131 S. Ct. at 1365 ("[P]roving that a municipality itself actually caused a constitutional violation . . . presents difficult problems of proof, and we

5

must adhere to a stringent standard of fault, lest municipal liability under § 1983 collapse into respondeat superior." (internal quotation marks omitted)).

Because Min failed to show that the alleged custom of hiring individuals with criminal records caused the harm that she suffered, the District Court properly granted summary judgment.[1]

## IV. Conclusion

We will affirm the judgment of the District Court.

---

[1] While the District Court focused on whether the alleged policies of failing to properly hire health inspectors and failing to supervise and train human resources employees caused Min's injuries, it is far from clear that such policies exist. Although our case law requires a showing of practices "so permanent and well settled as to virtually constitute law" in order for a custom to rise to the level of a policy, *Kelly v. Borough of Carlisle*, 622 F.3d 248, 263 (3d Cir. 2010) (internal quotation marks omitted), Min failed to point to any other health inspector besides Morris who was hired with a criminal record.